### ULLMAN & CO. *v.* WM. CLOYD.

**Attachment—Lien Created by Garnishment—Judgment Sustaining Attachments Not Final.**

Where several creditors attack the property of their common debtor, and one of them summons a third party as garnishee, he has a prior lien on this debt, notwithstanding it was not mentioned in the judgment sustaining the attachments. The judgment for the debt at one term does not preclude the court from rendering judgment against a garnishee, summoned at a subsequent term.

**Bills and Notes—Judgment Against One Obligor at one Term Does Not Prevent Judgment Against Co-Obligor at Another Term.**

Where Joint Obligors are sued on a note, a judgment Against one of them does not prevent a judgment against the other at a subsequent term, although both were served with process at the same time.

APPEAL FROM MARION CIRCUIT COURT.

December 15, 1871.

OPINION BY JUDGE PRYOR:

W. Jarboe was sued in the Marion Circuit Court by several of his creditors and attachments obtained for the purpose of securing their claims.

Ullman and Company and Cloyd (the appellant and appellees in this case) were among the creditors instituting these suits. The land of Jarboe was attached and perhaps other property, and in the case of Cloyd a man by the name of Rice was summoned as a garnishee, and who, it seems, was largely indebted to Jarboe.

Rice was not summoned as a garnishee by any of the other creditors. These various suits were heard together, and a judgment rendered for the debts of the attaching creditors and also a judgment sustaining the attachments and directing the property sold. In the judgment rendered no mention was made of the Rice claim that had been garnisheed and no disposition made of it in any way. Jarboe brought the case to the Court of Appeals and for error affecting his rights the sale of some of the real estate was directed by this court to be set aside. The judgment, however, for the debts, and sustaining the attachments, was not disturbed by this court. After this, or during the pendency of the suit in this court, Ullman and Company having obtained an execution and return of no property found on this judgment, filed their petition to subject the debt due by Rice to Jarboe to the payment of their debt. Rice was served with process, as well as Jarboe, and all the suits including the original suits in which an appeal was taken to this court, were heard together, and the court below decided that Cloyd had a prior lien on the Rice debt, for the reason that he had summoned Rice as garnishee in the original suit, in which the judgment had been rendered, long before the appellant, Ullman, had proceeded to subject this debt by his equitable proceeding. The appellant insists that the judgment ascertaining and fixing the liability of Jarboe to each one of the creditors, and sustaining their attachments, was complete and final, and inasmuch as the garnishee, Rice, was not by that judgment directed to pay the money to Cloyd, that his lien was lost. In other words, that this judgment was a final adjudication of all the rights of the parties. The judgment had determined the amount, each party was entitled to recover of the defendant, Jarboe, and had directed a sale of the attached property, and so far as Jarboe and his creditors were concerned, the judgment fixing the amount of recovery was final, but there was a proceeding against a third party, the debtor of Jarboe, by Cloyd, to enable him to collect this judgment he had obtained. This branch of the case was undetermined, and as between Cloyd and Rice no adjudication had been had. There was nothing to have prevented Cloyd upon the return of the case from this court, from filing his amended petition with the statement that other parties than

Rice were indebted to Jarboe and upon this amendment they could all have been summoned as garnishees. It was not necessary to file grounds showing newly discovered facts in order to reach the debtors of Jarboe. In this case the garnishee was before the court, properly summoned, and a judgment requiring him to pay the money into court did not disturb or affect the judgment against Jarboe. The effect of a judgment for the debt at one term does not preclude the court from rendering judgment against a garnishee summoned at a subsequent term. Nor does a judgment against one obligor upon a note at one term prevent a judgment against a co-obligor at a subsequent term, although both were served with process at the first term. There never was any final disposition of the original suit until the present judgment was rendered by which the rights of the creditors were determined. The parties were all before the court and suits still pending. Ullman and Company were parties to these original suits, and they were heard together by the agreement of parties. The lien Cloyd created by the garnishee on Rice had never been released, nor had this question been determined by the court, and so long as it remained on the docket as a suit pending between these parties the court had the power to enforce the payment of the money into court by Rice under the summons against him as garnishee.

The judgment is affirmed.

*Harrison, for appellant.*

*Noble, for appellee.*